UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

HOPE S. HUNDLEY,

    Plaintiff,

v.

    Case Number:

BOARD OF TRUSTEES of the
UNIVERSITY OF ILLINOIS,

    Defendant.

# COMPLAINT

Plaintiff, Hope S. Hundley, through her attorney, Calvita J. Frederick and Associates, alleges in this Complaint and shows to the Court as follows:

**NATURE OF THE CASE**

1. Plaintiff initiates this action to seek redress against Defendant for unlawful violations of the Americans with Disabilities Act of 1990 ("ADA"), as amended most recently by the Civil Rights Act of 1991, [42 U.S.C. § 2000, *et seq.*], and the ADA Amendments Act of 2008, [42 U.S.C. § 12101, *et seq.*]; Section 504 of the Rehabilitation Act of 1973 ("Section 504"); Equal Protection Violations pursuant to 42 U.S.C. § 1983; Title VII of the Civil Rights Act of 1964 ("Title VII"), [42 U.S.C. § 2000e, *et seq.*], as amended; Age Discrimination in Employment Act ("ADEA") [29 U.S.C. § 621, *et seq.*], as amended; Equal Pay Act ("EPA"), [29 U.S.C. § 206(d), *et seq.*]; and Family and Medical Leave Act ("FMLA"), [29 U.S.C. § 2615, *et seq.*], as amended.

**JURSIDICTION AND VENUE**

2. Jurisdiction over Plaintiff's claims under the ADA, Section 504, and 42 U.S.C. § 1983 is conferred on this Court by 28 U.S.C. § 1331.

3. The Northern District of Illinois, Eastern Division is the proper federal venue for this action pursuant to 28 U.S.C. § 1391, because the Defendant resides in the Northern District of Illinois and the unlawful actions occurred in the Northern District of Illinois.

## CONDITIONS PRECEDENT

4. All conditions precedent to this action within the meaning of Fed. R. Civ. P. 9(c) have been performed or have otherwise occurred.

5. On August 31, 2021, Plaintiff filed a charge with the EEOC alleging that Defendant discriminated against her based on her race, sex, age, and disability; retaliated against her; created a hostile work environment; failed to promote her; and violated the EPA, ADA, and FMLA. A true and correct copy of Plaintiff's EEOC charge is attached as **Exhibit A**.

6. On February 27, 2022, Plaintiff received the right to sue letters from the EEOC. A true and correct copy of the right to sue letters are attached as Group **Exhibit B**.

7. This litigation is timely filed.

## JURY DEMAND

8. Plaintiff demands that this case be tried to a jury of her peers.

## PARTIES

9. Plaintiff, Hope S. Hundley, is an adult who resides at 6228 South Vernon Avenue, Chicago, Illinois 60637.

10. Defendant, BOARD OF TRUSTEES of the UNIVERSITY of ILLINOIS, at Chicago ("UIC") , is an educational institution that exists and operates pursuant to the laws of the

State of Illinois with a principal place of business at 1855 West Taylor Street, Chicago, Illinois 60612.

11.     At all times relevant hereto, Defendant acted by and through its agents, servants, and employees, each of whom, at all times relevant, acted within the scope of their job duties.

## OPERATIVE FACTS

12.     Plaintiff began her employment with Defendant on or about April 29, 2003.

13.     Plaintiff was born on July 3, 1967 and is 54 years old.

14.     Plaintiff is a female and her race is Black.

15.     Plaintiff was diagnosed with anxiety, depression, and caregiver burnout.

16.     Plaintiff's most recent position with Defendant is as an Ophthalmic Technician in the Ophthalmology Clinic with the University of Illinois Hospital & Health Sciences System.

17.     During Plaintiff's employment with Defendant, she has been denied promotions and been subjected to harassment, disparate treatment, and a hostile work environment.

18.     Plaintiff complained to Defendant about the denial of promotions, harassment, disparate treatment, and hostile work environment.

19.     Following Plaintiff's complaints to Defendant, Plaintiff was subjected to further harassment and undeserved discipline.

20.     Plaintiff is assigned to work in the EEI building.

21.     The LIERI Building also staffs Ophthalmic Technicians.

22.     Plaintiff has complained many times about the effect that entering the LIERI Building has had on her health.

23.     Plaintiff is allergic to small furry animals.

24. Upon information and belief, the LIERI Building contains small furry animals for animal studies.

25. After Plaintiff has worked in the LIERI Building, she presents with headache, fatigue, gastrointestinal issues, sleep disturbances, nausea, stomach cramps, excessive itching, skin irritation, anxiousness, and shortness of breath.

26. On January 21, 2021, Plaintiff reported the health problems she had while working in the LIERI Building to UIC Health Services.

27. On January 21, 2021, Defendant required her to return to work in the LIERI Building despite her health concerns.

28. On February 4, 2021, Plaintiff again reported the health problems she had while working in the LIERI Building to UIC Health Services.

29. On February 4, 2021, Defendant required her to return to work in the LIERI Building without restrictions despite her health concerns.

30. On or about March 4, 2021, an air quality study of the LIERI Building was conducted which revealed that the building has inadequate ventilation.

31. Upon information and belief, the ventilation issues in the LIERI Building have not been corrected or acknowledged by Defendant.

32. On May 20, 2021, Defendant was short staffed because several staff members had called off that day.

33. On that same day, one of Defendant's managers, Delores Byrne, requested that Plaintiff provide imaging coverage in the LIERI Building.

34. Plaintiff responded to Ms. Byrne's request and informed her that she was unable to work in the LIERI Building due to insufficient air quality.

35. Plaintiff asked that the request instead be referred to her colleague Michael Puente, who is a male.

36. Plaintiff's request to have Mr. Puente work in the LIERI Building instead of herself was a reasonable accommodation request.

37. Plaintiff's request to have Mr. Puente work in the LIERI Building instead of herself was denied by Ms. Byrne.

38. Plaintiff also offered to stay in the EEI Building and handle all of the photography functions by herself there.

39. On or about June 17, 2021, Defendant ordered Plaintiff to attend a pre-disciplinary meeting regarding the May 20, 2021 incident.

40. On or about September 21, 2021, Plaintiff received a five workday suspension related to the May 20, 2021 incident.

41. Plaintiff was on physician documented FMLA and is only allowed to work 4 days a week.

42. Plaintiff took her FMLA leave on Mondays, which she used for self-care and counseling.

43. Plaintiff's FMLA leave began on May 1, 2021 and was scheduled to continue thru November 1, 2021.

44. On or about June 29, 2021, Plaintiff also prepared and submitted the University of Illinois System Office Employee Request for Reasonable Accommodation form based upon her anxiety, depression, and caregiver burnout.

45. The form was supported by documentation support from Plaintiff's physician.

46. On July 22, 2021, Defendant informed Plaintiff that an ADA coordinator would be contacting her about next steps.

47. On September 14, 2021, Plaintiff was finally contacted by one of Defendant's ADA coordinators.

48. To this date, Defendant has not provided Plaintiff with a reasonable accommodation.

49. Defendant has denied Plaintiff promotions and subjected her to harassment, disparate treatment, and a hostile work environment.

50. Upon information and belief, similarly situated employees who are not Black, female, disabled, and/or who are younger than Plaintiff have not been subjected to harassment, disparate treatment, undeserved discipline, or a hostile work environment.

51. Upon information and belief, Plaintiff is paid less than similarly situated employees who are not female.

## COUNT I
### Americans with Disabilities Act
### Discrimination and Harassment Based on Disability and Failure to Accommodate

52. Plaintiff incorporates the preceding paragraphs and further alleges as follows:

53. Defendant is an "employer" within the meaning of the ADA because it engaged in an industry affecting interstate commerce and because they maintained or maintain fifteen or more employees for each working day in each of twenty or more weeks in the current or preceding calendar year.

54. Plaintiff is a "qualified individual with a disability" as that term is defined in the ADA because she has, or had at all times relevant hereto, a disability that substantially limited/limits one or more major life activity, or because she has a record of such impairment.

55. Plaintiff also is a "qualified individual with a disability" as that term is defined in the ADA because Plaintiff was regarded as and/or perceived by Defendant and its agents as having a physical or mental impairment that substantially limited/limits one or more major life activity.

56. The foregoing conduct by Defendant constitutes unlawful discrimination and retaliation against Plaintiff on the basis of disability or perceived disability.

57. The allegations more particularly described above constituted violations of the Americans with Disabilities Act of 1990 ("ADA"), as amended most recently by the Civil Rights Act of 1991, [42 U.S.C. § 2000, *et seq.*], and the ADA Amendments Act of 2008, [42 U.S.C. § 12101, *et seq.*], when Defendant failed to accommodate Plaintiff.

58. The allegations more particularly described above caused Plaintiff wage loss, benefits loss, and expenses, all to her damage.

### COUNT II
### Rehabilitation Act of 1973, 29 U.S.C. § 701, *et seq.*
### Discrimination and Harassment Based on Disability and Failure to Accommodate

59. Plaintiff incorporates the preceding paragraphs 1-51 and further alleges as follows:

60. Upon information and belief, Defendant receives federal funding from the United States or accepts funds from the State of Illinois that are provided by the United States.

61. Plaintiff is an individual with a disability as defined under Section 504 of the Rehabilitation Act of 1973 [29 U.S.C. § 701, *et seq.*], or had at all times relevant hereto, a disability that substantially limited/limits one or more major life activity, or because Plaintiff had a record of such impairment.

62. The allegations more particularly described above constituted violations of the Rehabilitation Act against Plaintiff on the basis of her disability or perceived disability.

63. The allegations more particularly described above regarding the intentional discriminatory practices of Defendant, were not made in good faith or reasonable grounds for believing that the conduct did not violate the Rehabilitation Act.

64. The allegations more particularly described above caused Plaintiff damages as set forth herein.

## COUNT III
### Equal Protection Violation of 42 U.S.C. § 1983
### Discrimination and Harassment Based on Disability, Sex, Age, and Race

65. Plaintiff incorporates the preceding paragraphs 1-51 and further alleges as follows:

66. The Fourteenth Amendment of the United States Constitution protects persons from being subjected to discrimination, by persons acting under the color of state law, on the basis of protected class.

67. Plaintiff is a member of a protected class based on her race (Black), sex (female), disability, and age.

68. Plaintiff performed her job to the reasonable expectations of Defendant.

69. At all times relevant herein, the Defendant intentionally discriminated against Plaintiff on the basis of her disability, race, sex, and/or age and this was a determinative factor in Defendant's decision to take adverse employment action and to otherwise fail to reasonably accommodate her.

70. At all times relevant herein, the Defendant had an illegal policy or custom.

71. At all times relevant herein, Plaintiff was subjected to purposeful discrimination on account of disability or perceived disability, age, race, and/or sex.

72. Upon information and belief, Plaintiff was treated less favorably than similarly situated employees who are not Black, who are male, who are younger, and who do not have a disability.

73. The allegations more particularly described above caused Plaintiff damages as set forth herein.

## COUNT IV
### Title VII, 42 U.S.C. § 2000e, *et seq.*
### Discrimination and Harassment Based on Age, Sex and Race

74. Plaintiff incorporates the preceding paragraphs 1-51 and further alleges as follows.

75. Plaintiff is an "employee" as that term is defined by at 42 U.S.C. § 2000e(f).

76. Defendant is an "employer" as that term is defined at 42 U.S.C. § 2000e(b).

77. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.* prohibits discrimination based on sex or race in employment.

78. Based on the above-described acts, practices and omission, Defendant engaged in unlawful discrimination under Title VII based on Plaintiff's age, sex and race.

79. Furthermore, Defendants' illegal actions against Plaintiff resulted in adverse impacts on the terms and conditions of Plaintiff's employment and further subjected Plaintiff to harassment and a hostile work environment.

80. Defendant's conduct was sufficiently severe or pervasive that a reasonable person in Plaintiff's position would find Plaintiff's work environment to be hostile or abusive.

81. Defendants knew or should have known of Ms. Byrne's and other's conduct and failed to take prompt, remedial action to stop their conduct.

82. As such, Defendant violated 42 U.S.C. § 2000e-2(a) and discriminated against Plaintiff by not only subjecting her to sufficiently severe or pervasive harassment based on age,

racial and gender stereotypes so as to alter the conditions and terms of her employment, but also failing to act and condoning or tolerating such harassment, subjecting Plaintiff to less favorable terms and conditions of employment by imposing heightened and/or disproportionate discipline on Plaintiff.

83. The reasons Defendant submits for changing the terms and conditions of Plaintiff's employment and for terminating her are false and pretext for unlawful discrimination and retaliation.

84. In unlawfully discriminating and retaliating against Plaintiff, Defendants acted willfully, wantonly and/or with malic or with conscious and/or reckless indifference to Plaintiff's equal rights under law, thereby necessitating the imposition of exemplary damages

85. The allegations more particularly described above caused Plaintiff damages as set forth herein.

## COUNT V
**Age Discrimination in Employment Act, 29 U.S.C. § 621,** *et seq.*
**Discrimination and Harassment Based on Age**

86. Plaintiff incorporates the preceding paragraphs 1-51 and further alleges as follows:

87. Plaintiff is in a protected class based on her age.

88. As more particularly described above, Plaintiff has been subject to a hostile work environment, harassed, and received undeserved discipline due to her age.

89. The allegations more particularly described above regarding the intentional discriminatory practices of Defendant, were not made in good faith or reasonable grounds for believing that the conduct did not violate the ADEA.

90. Upon information and belief, similarly situated employees who are younger than Plaintiff were not subject to a hostile work environment, harassment, or undeserved discipline.

91. The allegations more particularly described above caused Plaintiff damages as set forth herein.

## COUNT VI
### Equal Pay Act, 29 U.S.C. § 206(d), *et seq.*
### Discrimination in Pay

92. Plaintiff incorporates the preceding paragraphs 1-51 and further alleges as follows:

93. Plaintiff is an "employee" as that term is defined by at 29 U.S.C. § 203(e).

94. Defendant is an "employer" as that term is defined at 42 U.S.C. § 203(d).

95. Defendant discriminated against Plaintiff on the basis of sex by paying her lower wages and other forms of compensation than Defendant paid to male employees for equal work on jobs, the performance of which required equal skill, effort, and responsibility, and which were performed under similar working conditions, in violation of the Equal Pay Act.

96. Plaintiff's male predecessors and/or comparators held the exact same job, in the same establishment, performed equal work that required equal skill, effort, and responsibility, and the work was performed under the same conditions.

97. The difference in pay between Plaintiff's male predecessors and/or comparators was not due to seniority, merit, quantity or quality of production, or a factor other than race or sex. Instead, the differential in pay was due to Plaintiff's sex.

98. Defendant's actions were not done in good faith nor did they have any reasonable grounds for believing that their acts or omissions were not a violation of the Equal Protection Act.

99. Defendant's actions were willful and lasted for the duration of the relevant time period.

100. The allegations more particularly described above caused Plaintiff damages as set forth herein.

### COUNT VII
### Family and Medical Leave Act, 29 U.S.C. § 2615
### Retaliation Based on FMLA Protected Activity

101. Plaintiff incorporates the preceding paragraphs 1-51 and further alleges as follows:

102. Plaintiff was eligible for the FMLA due to her serious health conditions.

103. Defendant was covered by the FMLA.

104. Plaintiff was entitled to leave under the FMLA.

105. Plaintiff provided sufficient notice of her intent to take FMLA-qualifying leave.

106. Defendant violated 29 U.S.C. § 2615(a)(2) by taking the materially adverse action of subjecting her to harassment and undeserved discipline because of her activities protected by the FMLA.

107. The allegations more particularly described above regarding the intentional discriminatory practices of Defendant, were not made in good faith or reasonable grounds for believing that the conduct did not violate the FMLA.

108. The allegations more particularly described above caused Plaintiff damages as set forth herein.

### COUNT VIII
### Retaliation For Engaging in Protected Activity

109. Plaintiff incorporates the preceding paragraphs and further alleges as follows:

110. Plaintiff engaged in protected activity when she complained about discrimination and harassment based on disability, race, age, and sex.

111. In retaliation for Plaintiff's complaints, Defendant disciplined her.

112. There was a causal connection between Plaintiff's complaints and the materially adverse actions taken against Plaintiff by Defendant.

113. The retaliation endured by Plaintiff would dissuade a reasonable employee from making complaints of discrimination and harassment.

114. Defendant retaliated against Plaintiff for engaging in protected activity in violation of Title VII, the ADA, the Rehabilitation Act, the FMLA, the EPA, and the ADEA.

WHEREFORE Plaintiff demands relief as follows:

A. Judgment against the above-named Defendant awarding Plaintiff damages equal to the amount of wages, employment benefits, and other compensation denied or lost by reason of the ADA, Section 504, 42 U.S.C. § 1983 violations, Title VII, ADEA, EPA, and/or FMLA;

B. Judgment against the above-named Defendant awarding Plaintiff compensatory damages for loss of wages, benefits, expenses, insurance, emotional pain, suffering, humiliation, embarrassment, mental anguish, and medical expenses;

C. Judgment against the above-named Defendant awarding Plaintiff punitive damages in an amount deemed sufficient by the trier of fact to punish and deter the Defendant from engaging in such unlawful conduct now and in the future;

D. Judgment against the above-named Defendant awarding Plaintiff reinstatement and/or damages for monetary losses and expenses;

E. Judgment against the above-named Defendant awarding Plaintiff costs, disbursements, prejudgment interest, actual attorney fees and expert witness fees incurred in prosecuting this claim, together with interest on said fees;

F.  Judgement against the above-named Defendant awarding Plaintiff an additional amount as liquidated damages equal to the sum of damages and interest pursuant to 29 U.S.C. § 2617; and

G.  Such other relief as the Court deems just and equitable.

**SIGNED and DATED** this 18th day of May, 2022.

> */s/ CJFrederick*
>
> **CALVITA J. FREDERICK**
>
> *Attorney for Plaintiff*

**PLAINTIFF'S ADDRESS:**

CALVITA J. FREDERICK & ASSOCIATES
P.O. Box 802976
Chicago, IL 60680
(312) 421-5544
Calvita.frederick@att.net
cjf@cjfredericklaw.com
ARDC # 6184001